United States District Court
Southern District of Texas
**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Dzianis Ivanouski, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3334 |
| | § | |
| Port Isabel Service Processing Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**<u>ORDER OF DISMISSAL</u>**

Petitioner Dzianis Ivanouski, proceeding *pro se*, filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. Doc. 1. Petitioner also filed an application to proceed without prepaying fees or costs, but this application was not accompanied by a certified copy of his inmate trust fund account statement or institutional equivalent for the six-month period preceding the filing of the Petition. Doc. 2.[1] Thus, on April 28, 2026, the Clerk of Court mailed Petitioner a Notice of Deficient Pleading directing him to provide a certified copy of his inmate trust fund account statement within thirty days. Doc. 6. The Notice of Deficient Pleading cautioned Petitioner that if he failed to timely comply, the Court "may dismiss this case for want of prosecution." *Id.*

A district court may dismiss a lawsuit for failure to prosecute under Federal Rule of Civil Procedure 41(b). This authority is based on the courts' inherent power to "manage

---

[1] For every civil action or appeal, prisoners must provide a copy of their inmate trust fund account statement (or institutional equivalent) in support of an application to proceed without prepaying costs or fees. 28 U.S.C. § 1915(a)(2).

their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982) ("Rule 41(b) authorizes a district court to dismiss an action for failure to prosecute. A district court may dismiss *sua sponte*, with or without notice to the parties, incident to its inherent powers." (citations omitted)); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action for failure to comply with court orders).

Petitioner's failure to comply with the Notice of Deficient Pleading indicates a lack of diligence in prosecuting this action. Therefore, under the Court's general power to manage its docket, this case is dismissed without prejudice for want of prosecution. Petitioner is advised that he may obtain relief from this order if he makes a proper showing under Rule 60(b) of the Federal Rules of Civil Procedure. At a minimum, a proper showing under Rule 60(b) includes compliance with all previous orders of the court, including compliance with the Clerk's Notice of Deficient Pleading.

This case is DISMISSED WITHOUT PREJUDICE. Any pending motions are DENIED AS MOOT. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 21st of July, 2026.

Nicholas J. Ganjei
United States District Judge